UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>RICHARD PALMER,<br><br>                    Defendant. | 12-CR-712 (SHS)<br><br>ORDER |

SIDNEY H. STEIN, U.S. District Judge.

    On March 5, 2014, this Court sentenced defendant Richard Palmer to 120 months' incarceration after he pleaded guilty to one count of conspiracy to distribute a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (J., ECF No. 354.) He is currently serving his sentence at the Federal Correctional Institution at Fort Dix ("FCI Fort Dix") and is scheduled for release on July 15, 2021. (Def.'s Mot. at 1, ECF No. 697.) Palmer now moves for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 697.)

    The compassionate release statute allows a court to grant a sentence reduction upon a defendant's motion for "extraordinary and compelling reasons" after "considering the factors set forth in section 3553(a)."[1] 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Palmer contends that his health conditions—chronic asthma, hypertension, breathing problems, and obesity—in conjunction with the "grim and perilous" risk of COVID-19 infection at Fort Dix constitute extraordinary and compelling reasons for a sentence reduction. (Def.'s Mot. at 20, 23, ECF No. 697.)

    The Bureau of Prisons reports that 73 inmates out of the 2,729 inmates at Fort Dix are currently positive for COVID-19, *COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Jan. 22, 2020). Although the government asserts that "Fort Dix has enacted numerous measures to mitigate the spread of COVID-19 within the facility," Letter from the Gov't dated Jan. 22, 2021, ECF No. 714, courts in this district remain concerned that "[c]onditions at [Fort Dix] appear to present serious risks both

---

[1] The compassionate release statute allows a court to grant a sentence reduction provided the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Palmer contends he has exhausted his administrative remedies in this case, while the government alleges he has failed to do so. *See* Def.'s Mot. at 1, ECF No. 697; Gov't's Opp'n at 3-4, ECF No. 702. Nevertheless, because the Court finds that the 3553(a) factors do not favor a sentence reduction in this case, the Court does not decide the issue of whether or not Palmer has exhausted his administrative remedies.

of spread of the virus and of inadequate medical care for those who have been infected." *United States v. Rodriguez*, No. 16-CR-07, 2020 WL 7640539, at *4 (S.D.N.Y. Dec. 23, 2020); *see also United States v. Avery*, No. 14-CR-810, 2020 WL 6728781, at *1 (S.D.N.Y. Nov. 16, 2020) (noting that "the incidence of COVID-19 at FCI Fort Dix . . . has increased at an alarming rate").

Considering these conditions, courts have found that "extraordinary and compelling reasons" warrant a sentence reduction for certain defendants incarcerated at Fort Dix who suffer from pre-existing medical conditions recognized by the CDC to present an increased risk of severe illness from COVID-19. *See United States v. Tazewell*, No. 7-CR-1035, 2021 WL 21980, at *4-6 (S.D.N.Y. Jan. 3, 2021) (granting compassionate release to Fort Dix inmate with hypertension, high blood pressure, high cholesterol, and sickle cell disease); *United States v. Fernandez*, No. 12-CR-844-9, 2020 WL 7647459, at *3-4 (S.D.N.Y. Oct. 14, 2020) (granting compassionate release to Fort Dix inmate with hypertension and diabetes).

Palmer's patent obesity—he has a BMI of 41.5, *see* Gov't's Opp'n at 4, ECF No. 702—has indeed been recognized by the CDC to present an increased risk of severe illness from COVID-19. *See* People at Increased Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated Dec. 29, 2020). Asthma and hypertension, moreover, have been recognized by the CDC as conditions that might present an increased risk of severe illness from COVID-19. *Id.*

Regardless of whether Palmer's health conditions, in conjunction with the institutional conditions at Fort Dix, constitute "extraordinary and compelling reasons" for granting a sentence reduction, the Court must find in addition that "the factors set forth in section 3553(a)" favor such a reduction. 18 U.S.C. § 3582(c)(1)(A). These factors mandate consideration of, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

The Court does not find that "the factors set forth in section 3553(a)" favor such a reduction in Palmer's case. 18 U.S.C. § 3582(c)(1)(A). Palmer's conduct was very serious indeed. He participated in a massive drug-trafficking organization that distributed millions of dollars of crack cocaine and powder cocaine throughout New York City and possessed a firearm in connection with this drug-dealing activity. (PSR ¶¶ 28, 33.) Given the gravity of the crimes stemming from that conspiracy, the Court has already denied compassionate release for several of his codefendants. *See United States v. Marquez*, No. 12-CR-712 (S.D.N.Y. Jan. 20, 2021); *United States v. Davis*, No. 12-CR-712, 2020 WL 4573029, at *2 (S.D.N.Y. Aug. 7, 2020); *United States v. Davis*, No. 12-CR-712, 2020 WL 3790562, at *5 (S.D.N.Y. July 7, 2020).

Moreover, the sentence of 120 months imposed by this Court was a substantial downward variance from the guidelines range of 151 to 188 months. (PSR ¶ 106.)

Given the seriousness of Palmer's conduct, the Court concludes that the section 3553(a) factors do not warrant a reduction of Palmer's below-Guidelines sentence. Accordingly, Palmer's motion for compassionate release is hereby denied. The Clerk of Court is directed to mail a copy of this Order to defendant at the following address: Richard Palmer [67870-054], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated:  New York, New York
        January 25, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.